## ARNSTEIN v. EDWARD B. MARKS MUSIC CORPORATION.

District Court, S. D. New York.
June 12, 1935.

Ralph Vatner, of New York City, for plaintiff.

Cohen, Gutman & Richter, of New York City (Theodore B. Richter, of New York City, of counsel), for defendant.

SYMES, District Judge.

This is a suit by the plaintiff, copyright owner of a musical composition entitled "Russian Gypsy Valse," copyrighted by him April 1, 1931, the name of which he later changed to "I Love You Madly" and copyrighted under that name on May 31, 1931, against the defendant corporation, claiming that the latter, with full knowledge of the plaintiff's rights relative to said musical composition and the copyrights thereof, did on about the 1st of September, 1932, and thereafter unlawfully publish and cause to be published and placed upon the market and for sale a musical composition entitled "Play, Fiddle, Play"; that the said musical composition so published by the defendant is taken and copied from the plaintiff's composition without his consent or authority to the plaintiff's great injury and damage. In addition to the above facts, plaintiff's own testimony is that some time in April, 1931, he submitted his song "Russian Gypsy Valse" to Mr. R. Wolfe Gilbert, the professional manager of the defendant, played the song for him, and was told at the time that it had good possibilities if he would revise it and liven it up. This he did, according to his testimony, and resubmitted it to Mr. Gilbert on May 15th following, and that it was in defendant's possession until September, 1931, when it was returned to him.

Defendant admits it received the song, but denies that it asked him to revise it, made any comment upon it, or that they even read it or gave it any consideration during the time it was in their possession.

During the course of the trial both songs were played both on the piano and violin by various artists called by the respective parties, and musical experts gave their opinion as to the similarity or dissimilarity of the two compositions, giving many technical reasons for their views. As a result of the testimony and the auditions rendered for the benefit of the court, it would seem that there are some rather striking similarities in the two pieces, not enough, however, to force the conclusion that one is a literal copying of the other or that the defendant's song "Play, Fiddle, Play" was necessarily lifted entirely or in any major part from the plaintiff's composition. Neither is a work of great merit, both being popular songs of the kind that have a limited vogue and soon pass into the great limbo of forgotten songs, never to be resurrected. The defendant attempted to show that the plaintiff's composition was not entirely original, that certain combinations of notes or melodies in it were to be found in previous musical compositions of some of the great musical masters of the past. That, however, is not established with sufficient clarity to contradict the view I take, that

the plaintiff's composition was, for the purposes of this suit, an original composition.

■ The authorities I have examined state that a musical piece to be original, according to the usual definition applicable to a situation such as is here presented, does not necessarily mean it is an absolutely new production. For instance, a new arrangement of an old piece may be copyrighted, provided it is more than a mere copy with variations, and the same test is to be applied as in the case of patents; that is, it must indicate an exercise of inventive genius as distinguished from mere mechanical skill or change. So I find that the plaintiff has created something original by his own skill without directly copying or evasively imitating.

■ Furthermore, the law is that even though the fact is defendant's composition is similar, it is not necessarily fatal. Unlike patents, the authorities establish the rule that even though two works be identical, both may be copyrighted, if each is original and of independent origin and not a copy of the other; or, as another authority puts it, the author is entitled to the protection of a copyright for his song, even though it is similar to previous copyrighted ones, if the parts that seem alike are not continuous enough nor sufficiently extended to indicate he was guided or aided by the former. Weil says in his work on Copyright Law, page 424, referring to a leading English case cited, "The test of piracy, in such cases, was said to be whether the same music though adapted to a different purpose from that of the original might still be recognized by the ear. The question is one of degree of similarity, in every case and of the value of the part taken, as well as of the permanence of its identity, if combined with other musical matter. It should always be remembered that there can no more be a copyright in mere sounds than there can be in mere words, which are only conventional sounds affording a means of communicating ideas. By proper appreciation of the nature of copyright in musical compositions, which is identical, in essence, with copyright in written compositions, consisting of words, errors such as that set forth in a relatively recent opinion may be avoided."

My conclusion on the facts is, that the similarity found to exist between the two pieces is not apparent upon the first rendering of the two pieces of music, but that the listener does become conscious thereof after several playings of the same in whole and in part.

■ The plaintiff's proof of intentional piracy, or copying, depends solely upon his own unsupported testimony and the admitted fact that he left his piece in the possession of the defendant for several months. The defendant's testimony is that while they had possession of the music it was never considered, read, or played, but simply lay in a desk in the defendant's office. Arthur Altman, the author of "Play, Fiddle, Play," testified positively that he had never heard of the plaintiff's piece and gave a detailed and plausible explanation of how he, with his collaborator, Lawrence, produced the piece following a suggestion that it could be used in a light opera then in the course of production; that he consulted a Mr. Deutsch of the Columbia Broadcasting Company, an accomplished violinist, who listened to his first draft; that Mr. Deutsch made several suggestions which he adopted and rewrote the piece in its final form. This story of the defendant is corroborated by Mr. Deutsch and other evidence and forces the conclusion that the plaintiff has not sustained the burden of proof. The case made, therefore, is governed by the rule of law referred to above and applicable to copyrights and which differs from patent law in that the copyright statute does not give a monopoly of ideas.

I am of the opinion that the authors of the defendant's song have, by original intellectual effort, produced a composition similar in some respects to the melody of the plaintiff's copyrighted song without consciously copying the same.

For these reasons, the complaint should be dismissed, with costs to the defendant.

It is so ordered.